# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID LEACH, Personal Representative of the Estate of Henry S. Lockett, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CA 18-0454-KD-MU |
| MARY WEHLING, et al., | : | |
| Defendants. | | |

## **REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on Plaintiff's complaint (Doc. 1), Defendant Regions Bank's motion to dismiss complaint (Doc. 11), Plaintiff's response in opposition (Doc. 17), and Regions Bank's reply (Doc. 22). Upon consideration of these pleadings, as well as other pleadings in the file, the Magistrate Judge **RECOMMENDS** that the Court **GRANT** Regions Bank's Rule 12(b)(1) motion to dismiss complaint for lack of subject matter jurisdiction (Doc. 11) and **DISMISS** the entirety of this action for lack of subject matter jurisdiction.[1]

---

[1] The Court should act to dismiss the entirety of this action for lack of subject matter jurisdiction given that Defendants Mary Wehling and Eugene Wehling assert in their answers that this Court lacks subject matter jurisdiction (*see* Docs 6 & 7, at 3-4) and the infirmities that pervade Plaintiff's assertion of subject matter jurisdiction against Regions Bank also pervade the assertion of subject matter jurisdiction against the individual Alabama defendants (*see id.* at 2 (Mary and Eugene Wehling admit to being residents of Baldwin County, Alabama); *compare id. with* Doc. 1, at 2 (generally averring that the defendants "are from Alabama")). *Compare University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a
(Continued)

## FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2018, David Leach, as Personal Representative of the Estate of Henry S. Lockett, filed a complaint in this Court in which he generally avers that this Court may exercise diversity jurisdiction and that there are questions of federal banking laws. (*See* Doc. 1, at 1-2). Plaintiff states in the complaint that he is the Personal Representative of the Estate of Henry Lockett by virtue of Lockett's will (*id.* at 3) and attaches pages of Lockett's Last Will and Testament, dated December 11, 2015, to reflect Lockett's nomination and appointment of Leach as his Personal Representative under his will (*see* Doc. 1, Exhibit 1, at 1).[2] Plaintiff also asserts that the Wehlings acted in concert to transfer assets of Lockett's Estate in violation of the Alabama Uniform Power of Attorney Act;[3] suggests that Mary Wehling has engaged in fraud and/or breached her fiduciary duties as Lockett's Agent and Attorney-in-Fact under the Durable Power of Attorney executed by Lockett on March 15, 2015;[4] and that Mary Wehling refuses to give Plaintiff, the Personal Representative of Lockett's Estate, a record of

---

federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") *with* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[2] Letters Testamentary were granted to Leach by Baldwin County Judge of Probate Tim Russell on March 7, 2017, as the Personal Representative named in Lockett's will. (Doc. 1, Exhibit 1, Letters Testamentary).

[3] Although Plaintiff also makes mention of a Uniform Power of Attorney Act "drafted" by the "NCCUSL" during the period July 7-14, 2006 (Doc. 1, at 3-4), he has done nothing to establish that this Act is a federal act which grants a private cause of action. Therefore, this "draft" Act offers no support for Plaintiff's conclusory assertion that this Court may exercise subject-matter jurisdiction.

[4] Plaintiff attached to the complaint certain pages of the Durable Power of Attorney executed by Lockett on March 15, 2015. (*See* Doc. 1, Exhibit 2).

(Continued)

receipts, disbursements and transactions made on behalf of the Principal (that is, Lockett). (*See* Doc. 1, at 3-5)[5].

As for Regions Bank, Plaintiff generally avers that his uncle, Henry Lockett, relied on the bank to protect his assets and that when he (Leach) went to the Regions Bank branch in Robertsdale on three occasions to inquire about his uncle's assets, he was turned away on each occasion, being told on the first occasion that Mary Wehling instructed the Bank not to give Plaintiff any information about the accounts (Doc. 1, at 5-7); however, Plaintiff claims he was allowed access to his uncle's accounts and safety deposit box on the fourth time he returned to the Bank after involving an unnamed attorney who contacted the Bank's legal department (*id.* at 7). Plaintiff alleges that the Bank's actions "could be interpreted as fraud by suppression;" that Regions Bank has "consciously or deliberately engaged in wantonness in connection with its actions[;]" that Regions violated Alabama's Uniform Power of Attorney Act by accepting the Power of Attorney offered it by Mary Wehling;[6] and that Regions aided and abetted bank fraud in violation of 18 U.S.C. § 1344. (*See id.* at 7 & 9-10).

By their answers, Mary and Eugene Wehling admit to being resident citizens of Baldwin County, Alabama (*see* Docs. 6 & 7, at 2), and Regions Bank has supplied this Court with evidence that it was incorporated in Alabama and has its principal place of business in Birmingham, Alabama (Doc. 11, Exhibit A, at 2). And in response to Region

---

[5] Plaintiff specifically states that he seeks/hopes to recover of the Wehlings "missing assets" of Lockett's estate. (Doc. 1, at 8).

[6] Given the entirety of the complaint allegations, one could reasonably read the complaint, as Regions Bank does, to be asserting that the Wehlings and Regions acted in concert to transfer assets of Henry Lockett's estate in violation of Alabama's Uniform Power of Attorney Act (*see* Doc. 11, at 4).

3

Bank's motion to dismiss, Plaintiff agrees that Henry Lockett was a citizen of Alabama at the time of his death. (Doc. 17, at 2; *see also* Doc. 11, Exhibit B, Petition for Letters Testamentary, at ¶ 4 ("[A]t the time of his death, the decedent [Henry Scott Lockett] was over the age of nineteen years and a bona fide resident citizen of Baldwin County, Alabama.")). In addition, while Plaintiff alleges in his response that the damages suffered in this matter are Leach's alone (*see* Doc. 17, at 2 ("Plaintiff states the damages he seeks from defendants relate to David Leach and not the estate. None of the assets I seek went through the estate. I do use the estate to substantiate my claim.")), he maintains that Leach is bringing this action as personal representative of Lockett (*see id.* at 1 ("On December 11, 2015 Henry Lockett made a will naming plaintiff, David Leach, his personal representative. As personal representative, Plaintiff, David Leach, speaks as if Henry Lockett were speaking himself. In addition, H.L. gave plaintiff full power and authority without permission from any court over the estate. With this absolute power, plaintiff seeks to find the assets that belong to David Leach. Plaintiff is talking about the assets H.L. had 12-11-15 when H.L. executed his will.")), who, as aforesaid, Plaintiff concedes was a citizen of Alabama at the time of his death (*id.* at 2). Finally, in his response to the motion to dismiss, Plaintiff suggests that the Bank failed to follow monitoring procedures required by federal law;[7] that the Bank failed to investigate Mary Wehling; that the Bank failed to follow its own policies and procedures and was, thereby, negligent; that the Bank made misrepresentations to him; and otherwise expounds on his complaint by suggesting that in violating Alabama's New

---

[7] Plaintiff does not specifically identify the procedures required by federal law or the precise statute or law to which he is referring. (*See* Doc. 17).

4

Uniform Power of Attorney Act, the Bank possibly violated 18 U.S.C. § 1344. (Doc. 17, at 3-4).

## **CONCLUSIONS OF LAW**

This Court must first address the jurisdictional challenge interposed by Regions Bank, as well as the Wehlings. *Cornwall v. Centerstate Bank of Florida, N.A.,* 2016 WL 3219725, *1 (M.D. Fla. June 10, 2016), citing *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990) ("The [district] court should have addressed the personal jurisdiction question first."). This is so because district courts are "courts of limited jurisdiction" that are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (citation and quotations omitted); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted). And, indeed, even though it is clear that "[p]leadings filed by *pro se* litigants are given liberal construction," these litigants are "'required [] to conform to procedural rules[,]'" *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th

Cir. Nov. 29, 2011),[8] quoting *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011), and, as a consequence, "must 'affirmatively allege facts demonstrating the existence of jurisdiction.'" *Id.*, quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) (other citation omitted).

Before looking at the different types of subject matter jurisdiction this Court may exercise, the undersigned notes that a motion to dismiss filed under Rule 12(b)(1), as here, "may be based upon either a facial or factual challenge to the complaint." *Williamson v. Secretary of Veteran Affairs,* 139 F.Supp.3d 1282, 1285 (N.D. Ala. 2015), citing *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty.,* 501 F.3d 1244 (11th Cir. 2007).

> "Facial attacks" on the complaint "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.*
>
> These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true. *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). But when the attack is factual,
>
>> the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free

---

[8] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

> to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.
>
> *Id.* at 412-13 (quoting *Mortensen,* 549 F.2d at 891).

*Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). The attack made by Regions Bank in this case, at least as it relates to Plaintiff's assertion of diversity jurisdiction (*see* Doc. 11, at 2 & 4-6), is a factual attack. And the material that Regions Bank has attached to its motion to dismiss in support of its Rule 12(b)(1) challenge (that is, the Restated Articles of Incorporation of Regions Bank and the Petition for Letters Testamentary) may be considered by this Court without converting the Rule 12(b)(1) request into a motion for summary judgment. *Compare Favors-Morrell v. United States,* 2016 WL 1306195, *2 (S.D. Ga. Mar. 31, 2016) ("As Defendant relies on the Bearden Affidavit in support of its Motion under Rule 12(b)(1), not 12(b)(6), . . . the presence of the Affidavit neither transforms the nature of the Motion nor alters the analysis at this stage.") *with Townsend v. United States Dep't of Agriculture,* 2007 WL 177857, *1 (M.D. Fla. Jan. 19, 2007) ("The conversion feature of 12(b) does not apply to a jurisdictional motion[.]").

There are three different types of subject matter jurisdiction a federal district court may exercise: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997), *cert. denied,* 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998). Here, Plaintiff unequivocally seeks to invoke the Court's diversity jurisdiction (*see* Doc. 1, at 1-2) but, as well, appears

to seek to invoke the Court's federal question jurisdiction (*see id.* at 2 ("There are questions of federal banking laws.")).[9]

"Jurisdiction under 28 U.S.C. § 1332 based on the parties' diversity of citizenship 'requires complete diversity—every plaintiff must be diverse from every defendant.'" *Cornelius, supra,* 452 Fed.Appx. at 865, quoting *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1564 (11th Cir. 1994); *see also Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Plaintiff's complaint, along with the answers of the Wehlings and the evidence supplied by Regions Bank (namely, its Restated Articles of Incorporation), plainly show that all of the Defendants are citizens of the state of Alabama. (*See* Docs. 1, 6-7 & 11, Exhibit A). Moreover, additional evidence supplied by Regions Bank—Petition for Letters Testamentary—clearly establish that at the time of his death, Henry Lockett, was a citizen of the state of Alabama (Doc. 11, Exhibit B, at ¶ 4), a fact to which Plaintiff, in response, readily concedes (*see* Doc. 17, at 2 ("Plaintiff does agree with defendant that Henry Lockett was a citizen of Alabama.")). *See King v. Cessna Aircraft Co.,* 505 F.3d 1160, 1170 (11th Cir. 2007) (recognizing that the decedent "is deemed to be a citizen of the state in which []he was domiciled at the time of h[is] death."). Finally, for purposes of determining diversity of citizenship, a decedent's personal representative is deemed a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2) (providing, in relevant measure, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *see also Moore v. North America Sports, Inc.,* 623 F.3d 1325, 1327 n.2 (11th Cir. 2010) ("Where an estate is a

---

[9] Nowhere in his complaint (*see* Doc. 1), or elsewhere in the record (*see* Docs. 17-19), does Plaintiff cite or rely upon a specific statutory grant of jurisdiction; therefore, the Court will not address this type of federal subject matter jurisdiction.

party, as in this case, the citizenship that counts for diversity purposes is that of the decedent."); *Palmer, supra,* 22 F.3d at 1562 n.1 ("[W]hen acting in his representative capacities he is deemed to be a citizen of the state of which the deceased was a citizen at the time of his death . . . ."). Here, the face of the complaint, as well as numerous statements in Plaintiff's response in opposition to the motion to dismiss, establish that David Leach is bringing this suit against the Defendants in this Court in his role as the personal representative of the estate of Henry Lockett,[10] who Plaintiff concedes, and the evidence otherwise establishes, was a citizen of Alabama at the time of his death. Therefore, Plaintiff is deemed to be a citizen of Alabama (not Ohio), destroying diversity—since the Plaintiff and all Defendants are Alabama citizens—and requiring the dismissal of the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

While Plaintiff does not rely expressly on the general federal question statute, the undersigned has examined the complaint to determine whether Plaintiff has alleged a basis for this Court's exercise of jurisdiction pursuant to 28 U.S.C. § 1331 in light of the very general statement that "there are questions of federal banking laws." (Doc. 1, at 2). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.*

---

[10] Though Plaintiff seems to believe it is dispositive of the diversity question that the damages suffered are Leach's (*see* Doc. 17, at 2), this purported fact has no significance in the face of Plaintiff's continued stance that Leach is bringing this suit against the Defendants in his role as personal representative of the estate of Lockett (*compare id.* at 1 *with* Doc. 1). Indeed, given that Plaintiff's principle claim against the Defendants stems from the Durable Power of Attorney executed by Lockett on March 17, 2015 and Alabama's Uniform Power of Attorney Act (*see* Doc. 1, at 3-9 & Exhibit 2), it begs the question how the Defendants could be sued solely by Leach individually without also being sued by Leach in his representative capacity. After all, the legal duties of the Agent (Mary Wehling) under the Durable Power of Attorney executed by Lockett on March 17, 2015, "run" to the Principal (that is, Lockett), not Leach individually (*see* Doc 1, Exhibit 2) and, additionally, Plaintiff makes clear in the complaint that he seeks to recover from the Wehlings (as well as the Bank) assets missing from Lockett's estate (*see* Doc. 1, at 8).

"Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)). "A well-pleaded complaint presents a federal question where it 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Smith*, 236 F.3d at 1292 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983)); *see also Cornelius, supra,* 452 Fed.Appx. at 865 (recognizing that under § 1331, "a federal court will have jurisdiction only when the plaintiff's cause of action is conferred by federal law or when there is some 'contested[, substantial] federal issue' and the exercise of jurisdiction is 'consistent with congressional judgment about the sound division of labor between state and federal courts . . . .' *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313, 125 S.Ct. 2363, 162 l.Ed.2d 257 (2005).")). In addition, it is clear that "where a complaint is 'devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the [plaintiff's] cause of action arises under federal law,'" the allegations are insufficient to establish jurisdiction under § 1331. *Scarborough v. Carotex Constr., Inc.,* 420 Fed.Appx. 870, 873 (11th Cir. Mar. 15, 2011).

Here, Plaintiff's complaint relies principally on state law causes of action—violation/breach of Alabama's Uniform Power of Attorney Act, fraud by suppression,

wantonness (Doc. 1; *see also* Doc. 17 (raising the specter of negligence, misrepresentations, and a failure to investigate Mary Wehling))—with the only substantive federal law cited in the complaint,[11] and elsewhere, being 18 U.S.C. § 1344[12] (*see, e.g.,* Doc. 1, at 10), the federal criminal statute which outlaws bank fraud. This criminal statute does not authorize a private cause of action, *see, e.g., Thompson v. Wells Fargo Bank, N.A.,* 2016 WL 164114, *3 (S.D. Tex. Jan. 14, 2016) (collecting cases for the proposition that criminal statutes, including 18 U.S.C. § 1344, do not provide a private cause of action), *aff'd,* 684 Fed.Appx. 464 (5th Cir. Apr. 7, 2017), nor does it raise a substantial federal question on which Plaintiff's right to recovery hinges, *see Gunn v. Minton,* 568 U.S. 251, 260-62, 133 S.Ct. 1059, 1066-67, 185 L.Ed.2d 72 (2013). Thus, jurisdiction does not exist under 28 U.S.C. § 1331.

## **CONCLUSION**

Based upon the foregoing reasons, it is **RECOMMENDED** that Regions Bank's Rule 12(b)(1) motion to dismiss (*see* Doc. 11) be **GRANTED** and that all of Plaintiff's

---

[11] There is nothing offered by Plaintiff to establish that the Uniform Power of Attorney Act drafted by the NCCUSL July 7-14, 2006, to which he makes mention in the complaint (*see* Doc. 1, at 3-4), is a federal law or otherwise provides protections beyond those addressed by Alabama's Uniform Power of Attorney Act.

[12] Plaintiff's jurisdictional paragraph contains the conclusory suggestion that "there are questions of federal banking laws[]" (Doc. 1, at 2), and, in his response in opposition to Regions Bank's motion to dismiss, Plaintiff suggests that the Bank failed to follow (unidentified) monitoring procedures required by federal law (Doc. 17, at 3). However, other than his mention of a federal criminal statute, 18 U.S.C. § 1344, Plaintiff identifies no federal banking laws that authorize a private cause of action nor does his complaint otherwise raise a substantial federal question on which his right to recovery hinges. And since it is all too clear that "[t]he mere presence of a federally regulated defendant does not of itself raise a substantial federal question[,]" *Cornelius, supra,* 452 Fed.Appx. at 865, citing *First Fed. Sav. & Loan Ass'n of Lake Worth v. Brown,* 707 F.2d 1217, 1220 (11th Cir. 1983), the undersigned need recommend that the Court find that the allegations of Plaintiff's complaint are insufficient to establish jurisdiction under § 1331.

claims (as to all of the Defendants) be **DISMISSED** for lack of subject-matter jurisdiction. Because a dismissal for lack of subject matter jurisdiction "is not a judgment on the merits[,]" it should be "entered without prejudice." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of January, 2019.

   s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**