# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID LEACH, Personal Representative of the Estate of Henry S. Lockett, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 18-00454-KD-MU |
| MARY WEHLING, *et al.,* ) ) ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the Motion for Leave to File Amended Complaint filed by Plaintiff David Leach, Personal Representative of the Estate of Henry S. Lockett; the response in opposition filed by Defendant Regions Bank; and the response in opposition filed by Defendants Mary Wehling and Eugene Wehling (docs. 31, 33, 34).

At this stage in the litigation, and absent Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of America Corp.,* 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing *Equity Lifestyle Properties, Inc. v. Florida*

*Mowing & Landscape Services, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *Donley v. City of Morrow, Georgia,* 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

Defendants argue that allowing the amendment would be futile. Since futility is a factor consideration, the Court "may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." *Christman v. Walsh,* 416 Fed.Appx. 841, 844 (11th Cir. 2011); *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (if the proposed amended complaint could not survive scrutiny under Rule 12(b)(6), then allowing the amendment would be futile and the motion for leave to amend should be denied); *Hatcher v. Alabama Dep't of Human Services*, - - - Fed. Appx. - - -, 2018 WL 4151171, at *2 (11th Cir. Aug. 29, 2018) ("'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile,' such as 'when the complaint as amended is still subject to dismissal'....") (citations omitted).

To reach a decision, the Court must accept "the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Nunez v. J.P. Morgan Chase Bank*, 2016 WL 1612832, at *1 (11th Cir. Apr. 22, 2016) (quoting *Ironworkers Local Union 68 v. AstraZeneca Pharm.*, LP, 634 F.3d 1352, 1359 (11th Cir.2011)). "To survive a motion to dismiss, a complaint need only contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face' and must 'raise a right to relief above the speculative level.'" *Id.,* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555, 127 S.Ct. 1955, 1974 (2007).

Plaintiff alleges that Henry S. Lockett, was a citizen of Baldwin County, Alabama, who granted Durable Power of Attorney to his step-daughter Mary Wehling (doc. 1-2). Lockett also

made a Last Will and Testament wherein his nephew Plaintiff David Leach is nominated as the Personal Representative. Leach and Mary Wehling share equally all assets of the estate after payment of debts, etc. (doc. 1-1). Lockett died and Plaintiff was issued Letters Testamentary. At the time of his death, Locket owned certain assets that were held in bank accounts and a safe deposit box at Regions Bank. In the complaint and proposed amended complaint, Plaintiff claims violation or breach of the Alabama Uniform Power of Attorney Act against the Wehlings for improperly transferring Lockett's assets. He also alleges fraud by suppression and wantonness under Alabama law against Regions Bank on basis that Lockett relied on the bank to protect his assets.

Plaintiff sued as Personal Representative of Lockett's estate (doc. 1). He alleged diversity jurisdiction because he is a citizen of Ohio and the Wehlings and Regions Bank are citizens of Alabama (doc. 1).[1] Regions Bank moved to dismiss, in part, on basis of lack of diversity subject matter jurisdiction (12(b)(1)). Regions argued that Plaintiff is deemed a citizen of the same state as Lockett, and therefore, there is no diversity of citizenship and this Court lacks jurisdiction. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…"). The Magistrate Judge entered a Report and Recommendation recommending dismissal of this action.

Plaintiff now seeks leave to amend to clarify that, while he is the Personal Representative

---

[1] Plaintiff also alleged that this Court has federal question jurisdiction, 28 U.S.C. § 1331, because there are "questions of federal banking law" (doc. 1, doc. 31-1). "Whether a claim 'arises under' federal law 'is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Moni v. Volusia Cty., Corp.*, 717 Fed. Appx. 976, 977 (11th Cir. 2018) (quoting *Dunlap v. G&L Holding Grp., Inc.,* 381 F.3d 1285, 1290 (11th Cir. 2004)). Plaintiff's conclusory allegation is not sufficient to show that a federal question properly plead. Instead, the only federal "banking" statute cited is 18 U.S.C. § 1344, the criminal statute for bank fraud. This statute does not provide a private civil cause of action

of the Lockett Estate, he does not represent the Estate in this action, but rather sues in his individual capacity to recover assets that belong to him that were not part of the Estate. Plaintiff "seeks to correct any notion to the contrary" (doc. 31, p. 2; "Nowhere in the complaint does Plaintiff state 'I (David Leach – Pro Se) represent the Henry Lockett Estate in this complaint'".) In the proposed amended complaint, Plaintiff names himself as the pro se plaintiff and that his address is in Ohio (doc. 31-1, p. 1). He states that "Plaintiff, David Leach – Pro Se, is not represent(ing) the Estate, but rather representing himself." (Id., p. 3).

In response, Defendants correctly argue that under Alabama law only the Personal Representative of an estate has standing to sue to recover assets of an estate, and therefore, allowing the amendment would be futile, because the proposed amended complaint would be subject to dismissal. Defendant Regions Bank argues that in the proposed amended complaint, Plaintiff alleges that the Wehlings "acted in concert, to transfer assets outside of [Lockett's] estate" and that "it is clear that Plaintiff is seeking to recover assets purportedly missing from Lockett's estate." (doc. 33, p. 6).

The parties do not dispute that the assets in the bank account and safe deposit box at Regions Bank belonged to Lockett at the time of his death or that Plaintiff is the Personal Representative of Lockett's Estate, as well as a devisee under the Will. However, under Alabama law, the Personal Representative, not a devisee under the Will acting his individual capacity, has the authority to take possession or control of the decedent's property, and to "maintain an action to recover possession of property" of the decedent. Ala. Code. § 43-2-837 (. . . every personal representative has a right to, and shall take possession or control of, the decedent's property . . . The personal representative may maintain an action to recover possession of property[.]"). Additionally, under Alabama law, at Lockett's death, his "personal

4

property devolve[d] to the personal representative to be distributed to: (1) Those persons to whom it is devised by the testator's last will[.]" Ala. Code § 43-2-830(b)(1). Thus, until the property is distributed it is not the property of a devisee. Moreover, although Plaintiff claims that the property was not part of the Estate, the property must be declared part of the Estate before Plaintiff has the right to have the property distributed to him under the terms of Lockett's Will. Otherwise Plaintiff has no known, free-standing right to the property.

Accordingly, for the reasons set forth herein and as set forth in Regions Bank's response, the motion for leave to amend is DENIED as futile.

**DONE** and **ORDERED** this 5th day of April 2019.

    s / Kristi K DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**