IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID LEACH, Personal Representative of the Estate of Henry S. Lockett, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 18-00454-KD-MU |
| MARY WEHLING, EUGENE WEHLING, and REGIONS BANK, ) ) ) ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the Motion to Reconsider filed by David Leach, Personal Representative of the Estate of Henry S. Lockett (hereinafter the Personal Representative) (doc. 38). Upon consideration and for the reasons set forth herein, the Motion is DENIED.

Previously, the Magistrate Judge recommended granting Defendants' motions to dismiss for lack of subject matter jurisdiction. The Magistrate Judge found that the parties were all citizens of Alabama and therefore, the Court lacked diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Magistrate Judge also found that the complaint did not satisfy the well-pleaded complaint rule and therefore did not invoke federal question jurisdiction under 28 U.S.C. § 1331. The Court adopted the recommendation and the action was dismissed without prejudice (docs. 36, 37). The Court also denied the Personal Representative's motion to amend the complaint on basis that allowing the amendment would be futile (doc. 35).

Pursuant to Rule 59(e), a party may move to alter or amend a judgment. Fed. R. Civ. P. 59(e). "[A] motion for reconsideration under Federal Rule of Civil Procedure 59(e) may only be granted based on newly discovered evidence or manifest errors of law or fact. Fed. R. Civ. P.

59(e). Britt v. United States Gov't, - - - Fed. Appx. - - - , 2019 WL 2024812, at *2 (11th Cir. May 8, 2019). Also, "courts may alter prior holdings based on 'a change in controlling authority, new evidence or the need to avoid manifest injustice.'" Jupiter Wreck, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 762 Fed. Appx. 852 (11th Cir. 2019) (citation omitted). "A motion for reconsideration cannot be used 'to relitigate old matters, [or to] raise argument or present evidence that could have been raised prior to the entry of judgment.'" Id.

Because the Personal Representative does not present any change in controlling law or newly-discovered evidence, he appears to argue that the Court committed a manifest error of law or fact or should alter its prior decision to avoid manifest injustice. See Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. July 3, 2018) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)) (". . . *pro se* 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'").

The Personal Representative first argues that the dispute over his residency and representation could not be resolved without sworn testimony; therefore, the Court erred when it denied his motion for discovery (doc. 38, p. 1).[1] The Personal Representative references his earlier argument that he filed the complaint in his individual capacity as David Leach, a citizen of Ohio,[2] not as Personal Representative, and Defendants' arguments to the contrary. In the motions to dismiss, the Defendants argued that the Personal Representative, by federal law, is deemed to be a citizen of the state of the deceased, which in this case is Alabama. Since the

---

[1] The Magistrate Judge denied the Personal Representative's motion for immediate discovery on January 17, 2019 (doc. 20). The time period to object to this decision expired fourteen days later on January 31, 2019. Fed. R. Civ. P. 72(a). Thus, to the extent that the Personal Representative now seeks to object to that decision, his objections are untimely.

[2] Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants.").

Defendants were also citizens of Alabama, the Court lacked diversity jurisdiction. In an attempt to remain in this Court, the Personal Representative responded that he filed the complaint in his individual capacity, and since he is a citizen of Ohio, the Court had diversity jurisdiction.

However, the Court did not need sworn testimony. The complaint is styled "Estate of Henry S. Lockett, Personal Representative-David Leach, Plaintiff" and identifies the "Plaintiff's Name and Address" as "Estate of Henry Lockett" and Robertsdale, Alabama (doc. 1, p. 1-2). The complaint also states that Leach, the "Plaintiff's Representative is from Ohio" (Id., p. 2). Importantly, Leach signed the complaint in his capacity as Personal Representative (Id., p. 10) and filed it with this Court. See Fed. R. Civ. P. 11. Thus, the Personal Representative has not shown that the Court erred by not allowing discovery, i.e., a sworn affidavit.

In Issue Two,[3] the Personal Representative argues that "[o]nce Plaintiff stated that Plaintiff only represented Plaintiff that should be taken as truth, Defence could have objected. Defence did not object. Furthermore, the court could have objected. The court did not object" (doc. 38, p. 2). He argues that the "issue of Representation was over and the Court should hear no more about it." (Id.)[4] The Personal Representative appears to argue that when he objected

---

[3] Issue Two is captioned "Denials of Representation, Rule 1.16 declining or termintating representation" (doc. 38, p. 1). By referencing Rule 1.16, Leach attempts to invoke Alabama Rule of Professional Conduct 1.16 which is captioned "Declining or Terminating Representation". The Rule applies to lawyers and governs when a lawyer either "shall" or "may" withdraw from representing a client. Since the Personal Representative is not an attorney, the Rule does not apply to him.

[4] In the Report and Recommendation, the Magistrate Judge found as follows: "Here, the face of the complaint, as well as numerous statements in Plaintiff's response in opposition to the motion to dismiss, establish that David Leach is bringing this suit against the Defendants in this Court in his role as the personal representative of the estate of Henry Lockett, who Plaintiff concedes, and the evidence otherwise establishes, was a citizen of Alabama at the time of his death. Therefore, Plaintiff is deemed to be a citizen of Alabama (not Ohio), destroying diversity— since the Plaintiff and all Defendants are Alabama citizens—and requiring the dismissal of the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction." (Doc. 26, p. 9).

3

(doc. 30) to the Report and Recommendation and explained[5] that Leach was the Plaintiff and not the Estate of Henry Lockett, the Court erred by adopting the Report and Recommendation instead of accepting his objection as the truth. The Court finds no error in its decision to reject the objection to the Report and Recommendation. As required by 28 U.S.C. § 636(b)(1), the Court made a de novo determination of the parts of the report and recommendation to which objections were made, and found no error in the decision that the Estate of Henry Lockett was the Plaintiff in this action.

Issue Three is captioned "residency" (doc. 38, p. 2). The Personal Representative argues that he "clearly stated" that Leach "was a resident of Ohio" (doc. 38, p. 2). The parties did not dispute the fact that Leach in his individual capacity was a resident of Ohio. This issue has already been litigated and the Personal Representative may not use a motion for reconsideration to "relitigate old matters." Jupiter Wreck, Inc.,762 Fed. Appx. at 852.

Issue four is captioned "Denial of Amended Complaint, Rule 15" (doc. 38, p. 2). The Personal Representative argues that the Court "clearly errored in not granting the Amended Complaint" (*sic*) (doc. 38, p. 2). In support, he asserts that he believed his argument in response to the motions to dismiss was sufficient,[6] but to proceed to trial in this Court he would need to amend the complaint. He argues that the Court erred because the "statute clearly states a Judge should grant an Amended Complaint" and that it was "not unusual and well within the courts power" to grant a motion to amend. (Id.)

The Personal Representative correctly states that district courts may grant motions to amend the complaint. However, the Court of Appeals for the Eleventh Circuit has held that the

---

[5] In the objection, the Personal Representative changed the style of the case to read "David Leach – Pro Se Plaintiff" and eliminated the Estate of Henry Lockett (doc. 30).

[6] The Personal Representative points to his argument that no where in the complaint did he state that he represented any entity or person other than himself in his individual capacity (doc. 38, p. 2.)

4

district courts "may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." Christman v. Walsh, 416 Fed. Appx. 841, 844 (11th Cir. 2011). The Court denied the motion on that basis. The Court explained that if the Personal Representative amended the complaint to name David Leach in his individual capacity as the Plaintiff, the complaint would be subject to dismissal because Leach in his individual capacity cannot enforce claims on behalf of the Estate of Henry S. Lockett to recover assets that were taken from Lockett before he died (doc. 35).[7] Therefore, the Personal Representative has failed to show that the Court committed an error of law or fact or should correct a manifest injustice.

As the fifth issue, the Personal Representative argues, in one sentence, that "Every case should be decided on the merits and facts" (doc. 38, p. 2). This conclusory statement does not show an error of law or fact. Moreover, and importantly, cases must be decided by courts that have jurisdiction over the subject matter of the parties' dispute. Since this Court did not have subject matter jurisdiction, it could not decide the case on the merits and the facts.

As the sixth issue, the Personal Representative points out that Defendant Regions Bank raised only procedural defenses, with no defenses against the allegations of misconduct by its employees. He states that these "side bets on procedure have nothing to do with the fact that [Regions] Banks employees carried on a deceptive personal attack on" him (doc. 38, p. 3). The Personal Representative incorrectly states that Defendant Regions Bank raised only procedural defenses. In addition to the argument that this Court lacked subject matter jurisdiction under

---

[7] The Personal Representative asserted that because the assets were taken from Lockett before he died, they were not part of the Estate. He also asserted that because he was a devisee under Lockett's Will, the assets belong to him and he could maintain an action to recover the assets. However, under Alabama law, assets wrongfully taken from a person before death are considered part of the decedent's estate and only the Personal Representative has the authority to recover the assets and then distribute them according to the terms of the Will or intestacy statutes. Ala. Code § 43-2-837; Ala. Code § 43-2-380(b)(1).

Fed. R. Civ. P. 12(b)(1), Regions Bank also argued that the complaint against it was due to be dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) (doc. 11, p. 6-9).

The Magistrate Judge recommended that the Court grant Regions Bank's Rule 12(b)(1) motion and dismiss the complaint for lack of subject matter jurisdiction (doc. 26). Thus, the Magistrate Judge properly determined that the Court did not have subject matter jurisdiction to consider the claims made by the Estate of Henry Lockett. Since this Court did not have subject matter jurisdiction, it could not decide the Rule 12(b)(6) motion, and therefore did not commit an error of law or fact. The Personal Representative's sixth argument does not provide a basis for reconsideration.

DONE and ORDERED this the 23rd day of May 2019.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE